Kennedy v. Brown.

JAMES G. KENNEDY, et al., v. HENRY BROWN.

1. SURETY; *When Concluded by Judgment.* Wherever the surety has contracted in reference to the conduct of his principal in an action or proceeding in the courts, he is concluded by the judgment, in the absence of fraud or collusion between the prosecuting party and him for whom he is bound.

2. REPLEVIN; *Sureties in Redelivery Bond.* Where the court rendered judgment in a replevin action in favor of the plaintiff, expressly finding all the issues in his favor, and especially finding that at the commencement of the action the plaintiff was entitled to the immediate possession of the property; that the same was unlawfully detained by the defendant, and the court adjudged that the plaintiff recover said property of the defendant, with costs and damages, *held,* that in an action upon the redelivery bond the sureties are bound by the judgment in the replevin suit.

3. WAIVER OF SEIZURE; *Liability of Sureties in Redelivery Bond.* Where an action of replevin is duly pending in the court, and the order of delivery has been actually issued and placed in the hands of the sheriff to execute, and the defendant, waiving an actual seizure of the personal

property by the officer, executes with sureties a redelivery undertaking, and continues in possession of the property in dispute, and such undertaking is accepted in lieu of the property, and the plaintiff is induced thereby from going through the form of seizing and returning the cattle, *held*, the redelivery undertaking is not void, and such action, neither enlarging nor changing the liability of the sureties, affords no defense to said sureties.

### Error from Wilson District Court.

ACTION by *Brown*, against *Kennedy* and others, upon a redelivery bond in replevin. Trial at September Term, 1877, of the district court, and judgment for plaintiff. Defendants bring the case here. The facts are sufficiently set forth in the opinion.

*S. S. Kirkpatrick*, and *Hudson & Short*, for plaintiff in error:

We think that the court below erred in sustaining the plaintiff's objection to the offer made by the defendants to prove, among other things, that at the time Brown commenced the action of replevin against Kennedy, the property sought to be recovered in the action was not, and never had been in the county of Wilson, nor was it at that time or since that time in the possession of Kennedy; that the order of delivery was never in fact served, and that the sheriff's return thereon was and is wholly untrue. (11 Kas. 167; 12 Kas. 352.)

The rule has long been settled, that the sheriff's return as to all persons, except parties to the action, and privies, is *prima facie* only, and may be contradicted when offered in evidence. Under this rule the sureties in this case could contradict the return of the sheriff. It is clear that they were not parties to the replevin action, and we think equally clear that they were not privies; that they could in no way control the return of the sheriff or the action; they could not interfere in the trial of the case and could have made no defense, and they claim nothing through Kennedy. They are not disputing the title to the cattle or the receiver's right to collect from Kennedy his judgment, but they say as to this

·undertaking, which was not an issue on the trial of the re-
plevin case: There was in fact no consideration for it; the
object for which it was executed was never accomplished;
no return of the cattle was brought about by it. (14 Ohio St.
240; 17 Kas. 326; 19 Kas. 358.)

*C. F. Hutchings,* and *Cates & Keplinger,* for defendant in error:

The plaintiffs in error complain of the refusal of the court
to permit them to disprove the truth of the findings and
judgment in the replevin action.    In other words, plaintiffs,
without in any manner seeking to impeach the judgment in
the replevin action, sought to retry the issues adjudicated in
that action, and ignore that judgment entirely.    That the
judgment in the replevin action was proper evidence, and
that the judgment was conclusive, see 3 Iowa, 561; 11 Iowa,
348.

In connection with this last case, we call attention to the
fact that the petition in the replevin suit alleges ownership
in the receiver, as receiver, and that the judgment expressly
found all the issues for the plaintiff. (12 Iowa, 43.)

Where sureties contract with reference to the conduct of
parties to a suit, they are concluded by the judgment. (Free-
man on Judgments, 180.)   Where sureties have notice of the
suit, they are concluded by the judgment. (3 Hammond, 487.)
In the case at bar, the sureties not only had notice of the suit,
but they contracted with direct reference to the possibility of
the actual result.   They understood perfectly well that it was
Kennedy and not themselves who was to have charge of the
defense.   They were willing to take their chance in the result
of a suit where he (Kennedy) was managing the defense.
The very most that could be claimed would be the right to
impeach that judgment, by alleging and proving fraud and
collusion between the parties thereto; but there is nothing,
either in the pleadings or excluded evidence, which can be
held to constitute a case of fraud in procuring the execution
of the bond, much less is there anything which would make
out a case of fraud in obtaining the judgment.

"When defendants in replevin give the statutory under-taking to obtain a return of the property, they are thereby estopped from denying that the property was in their posses-sion at the time the action commenced." (*Diossy v. Morgan,* 69 N. Y. 412.)

The opinion of the court was delivered by

HORTON, C. J.: The defendant, as receiver, brought an action of replevin in the court below, to recover certain prop-erty from J. G. Kennedy, one of the plaintiffs in error. Kennedy, as principal, and the other plaintiffs in error, executed a bond as required by law, to the effect that the defendant should perform whatever judgment might be ren-dered against him in the action.

The court rendered judgment in the replevin action in favor of the plaintiff, expressly finding all the issues in his favor, and specially finding that at the beginning of the ac-tion plaintiff was entitled to the immediate possession of the property, and that the same was unlawfully detained by the defendant, and that said property was taken by the sheriff on the order of delivery, and redelivered to the defendant upon the execution of a redelivery undertaking, and the court ad-judged that the plaintiff have and recover said property of the defendant, together with costs and damages. The judg-ment remaining unsatisfied, the defendant, as receiver, com-menced an action in the district court on the redelivery undertaking, and thereon recovered judgment against the plaintiffs in error. To reverse such judgment, the plaintiffs in error bring this action. The undertaking was as follows:

STATE OF KANSAS, COUNTY OF WILSON.
*In the Seventh Judicial District Court of the State of Kansas, sitting within and for Wilson county.*
HENRY BROWN v. J. G. KENNEDY.

We bind ourselves to the above-entitled plaintiff, Henry Brown, in the sum of six thousand dollars, that the defend-ant, J. G. Kennedy, will deliver the property in dispute in this action—to wit, ninety-seven head of neat cattle, three years old—to the plaintiff, if such delivery is adjudged, and

that he will pay all costs and damages that may be awarded against him.

Dated this 23d day of May, 1876.

J. G. KENNEDY.      WM. STEVENS.

R. M. FOSTER.      S. R. FERGUSON.

On the trial, defendant in error put in evidence the sheriff's return in the replevin action, which was in the following words:

"Received this writ May 26, 1876, at 10 o'clock A. M., and on the same day executed the same by taking into my possession the property therein mentioned; and within twenty-four hours the said J. G. Kennedy executed an undertaking to the plaintiff, with sureties in double the amount of the value of the property, as stated in affidavit of plaintiff, to the effect that the defendant would deliver the property to the plaintiff if such delivery be adjudged, which undertaking was approved by me, and I did immediately return said property to the defendant."

And defendant in error also put in evidence the proceedings and judgment in that action.

The sureties, for a defense, offered to prove:

"That at the time the defendant in error commenced the action of replevin against Kennedy, the property sought to be recovered in the action and described in said petition, affidavit and order of replevin, was not and never had since been in the county of Wilson, nor was it at that time, nor since that time, in the possession of Kennedy; that said order of delivery in that case was never actually served by the sheriff of Wilson county or any other officer; that said sheriff's return on the order of delivery was and is wholly untrue; that the sheriff in fact never took said property into his possession or any part thereof at the time mentioned in said return, or at any other time, nor did he at the time mentioned in the return, or at any other time, redeliver the property or any part thereof to Kennedy, or to any person for him; that said sureties, and each of them, at the time they signed the undertaking aforesaid, believed that the said sheriff by virtue of said writ of replevin had taken the property described therein from the possession of Kennedy, and that he had the same in his own possession by virtue of said writ; that on the execution of the undertaking to the plaintiff, the sheriff would immediately deliver the property to Kennedy, and that they

executed the undertaking with that understanding; that at the time of the execution of the undertaking, the plaintiff well knew that the sheriff by virtue of the writ of replevin had not taken the property mentioned and described in the order into his possession, or any part thereof, and that he did not and would not redeliver the same to the said Kennedy by reason of the undertaking."

This offer was refused, the testimony held incompetent, and the action of the court below is now assigned as error.

We perceive no error in this ruling, as the proposed testimony was immaterial, and constituted no defense to any of the parties in the action. Wherever the surety has contracted in reference to the conduct of his principal in a suit or proceeding in the courts, he is concluded by the judgment, in the absence of fraud or collusion between the prosecuting party and him whom they are bound for. In this case the sureties agreed under the penalty of $6,000 that Kennedy would deliver to Brown the property in dispute, in the action of Brown and Kennedy, then pending in the district court of Wilson county, if such delivery was adjudged; and they further agreed that Kennedy would pay all costs and damages in that action that might be awarded against him. The action in which the undertaking was given was duly tried; the delivery of the cattle was adjudged to Brown, and costs and damages awarded against Kennedy. Now in an action on this undertaking, the sureties, by signing the same, assumed such a connection with the original action that they are concluded by the judgment in it, so far as the same issues were involved. They could no more prove in their defense that the cattle had never been in the possession of Kennedy, than they could have introduced evidence showing Kennedy was the owner thereof, and that the judgment in the replevin action ought to have been for him instead of Brown. In other words, they had no right to retry the issues settled in the former suit. If, in truth, the order of delivery in the replevin action was never actually served, it may have been to save costs and expenses, and if Kennedy was willing to waive the formalities of service by executing the undertaking

provided by law upon a redelivery, ample consideration existed to bind all the parties thereto. The bond was substituted for the property. The defendant in error had the right to rely exclusively upon the validity of such bond, and was undoubtedly induced by it to forbear going through all the forms of an actual seizure of the cattle by the sheriff. The action and conduct of Brown and Kennedy having been in good faith, the waiver of an actual seizure by Kennedy tending neither to enlarge nor change the liability of his sureties, affords no basis for the release of such sureties from the obligation they signed, and no way impairs the judgment in the replevin action. The effect of the undertaking was to allow the property in dispute to remain under the control of Kennedy in the action brought to recover possession of it, and the result was the same as if the sheriff had actually seized it, and on the acceptance of the undertaking, redelivered it to Kennedy. As the sureties are bound by the judgment in that case, they were estopped from alleging or proving that Kennedy was the owner of the cattle, and that he did not wrongfully detain them when that action was commenced. The rejected testimony was immaterial, and no error was committed in refusing to admit it. (Freeman on Judg., § 180; *Rapelye v. Prince*, 4 Hill, 119; *Coleman v. Bean*, 3 Keyes, 94; *Harrison v. Wilkin*, 69 N. Y. 412.)

The judgment of the district court must be affirmed.

All the Justices concurring.