## P. J. NORTON v. JOHN H. LAWRENCE *et al.*

REPLEVIN — *Action on Bond to Sheriff* — *Rights of Real Parties in Interest.* In an action on an undertaking in replevin given to a sheriff in his individual name, but put in suit by the real parties in interest, the sheriff has no authority, by a stipulation with a surety on the undertaking, to dismiss such an action as to such surety, without the consent of the parties for whose benefit the undertaking was given. A dismissal under such circumstances is not a bar to a subsequent action on the undertaking prosecuted by the real parties in interest.

### *Error from Chase District Court.*

ACTION upon an undertaking in replevin. At the July term, 1886, judgment was rendered for the plaintiffs, *Lawrence Brothers* and others, for $567.88. The defendant *Norton* brings the case here. The material facts are stated in the opinion.

*A. M. Mackey*, for plaintiff in error.

*Thomas O. Kelley*, for defendant in error.

Opinion by SIMPSON, C.: On the 24th day of February, 1883, one Jacob Hornberger commenced an action in replevin in the Chase county district court against George Bolch, who was then the sheriff of the county, to recover possession of certain personal property held by Bolch by virtue of some judicial process. Hornberger, with one P. J. Norton as his surety, executed an undertaking in replevin in the sum of $1,240 to George Bolch by name, which contained the usual conditions of the redelivery bonds necessary to be given in actions of this character. A writ of replevin was issued to the coroner of the county, who seized the property and delivered it to Hornberger. A trial was had in this action of replevin, resulting in a judgment in favor of Bolch, the property not having been redelivered. The attorneys of the parties who caused the original process to issue, by which Bolch as sheriff had possession of the property, commenced an action on the undertaking in the name of Bolch. In that action

a judgment was rendered against Hornberger on the 8th day of December, 1885, for the sum of $556.14, and costs taxed at $16.65. On the 24th day of January, 1886, a stipulation was filed in these words:

"It is hereby agreed and stipulated by and between the plaintiff, George Bolch, and the defendant, P. J. Norton, that the above-entitled suit shall be dismissed as to the said P. J. Norton, and that the said P. J. Norton shall pay all costs in said suit made since the judgment against the said Jacob Hornberger, this Jan. 26, 1886.          GEORGE BOLCH, *Plff.*
P. J. NORTON, *Deft.*"

The record also states that—

"The said George Bolch stating as a reason for the above stipulation, that the above-entitled suit was brought without his consent and without his authority; that he had no claim or demand against the said P. J. Norton, and hereby say that all claims and demands between the said George Bolch as an individual and the said P. J. Norton as an individual are hereby settled in full. I further state, that when I consented to Messrs. Young & Kelley that said suit might be continued in my name, I supposed that the suit was in my name as ex-sheriff of Chase county, and that I was only nominally plaintiff; but learning that this is not the case, I peremptorily dismiss the suit as above. I further state, that the goods replevied by Hornberger were not removed, but remained in the same building where I kept them, and soon after were burned up in the fire which burned the entire business portion of Cottonwood Falls, and they would have all been burned up if they had remained in my possession, and had not been replevied. I neither hold Norton nor Hornberger responsible for that fire, and do not believe that I am responsible for any goods or property burned up in this fire. For these reasons I dismiss the above suit as to P. J. Norton."

On the 6th day of April, 1886, the district court made the following order of dismissal:

"And now, on this 6th day of April, 1886, this cause being called, comes the plaintiff George Bolch, and moves the court to dismiss this cause as to the defendant P. J. Norton, as per stipulation on file herein, and the court being fully advised in the premises, sustains said motion. It is therefore considered, ordered and adjudged by the court that this action be and the

same hereby is dismissed as to the defendant P. J. Norton. It is further ordered and adjudged by the court, that said defendant P. J. Norton pay all costs made in said cause since the judgment heretofore rendered against Jacob Hornberger on the 8th day of December, 1885, taxed at $4.30; and hereof let execution issue."

On the 7th day of May, 1886, Bolch assigned the undertaking in replevin and the judgment against Hornberger, to the defendants in error, who were the real parties in interest, and for whose benefit the bond was executed. The written assignment was as follows:

"COTTONWOOD FALLS, KAS., May 7, 1886.—For value received, I hereby assign the within replevin bond to Louis Hox, C. H. Preis & Co., and Lawrence Bros., and I hereby guarantee that the same is wholly unsatisfied and in full force and effect. GEO. BOLCH."

On the 10th day of May, 1886, the defendants in error commenced this action against Norton on the undertaking in replevin, alleging, among other things, that the acts of Bolch were performed in his official capacity; that the defendants in error were the attaching creditors who caused the writs of attachment to issue by which Bolch, as sheriff, held possession of the goods; that the undertaking was given to Bolch as a representative of their interests; and alleging all the other necessary averments in such an action. Norton filed an answer pleading the former judgment against Hornberger and the dismissal as to him in bar. To this answer the plaintiffs below demurred, and their demurrer was sustained, and this ruling is the main cause of complaint here by the plaintiff in error.

If the plea in bar can be sustained, it is because it presents a strict, technical, legal defense to the action; all equitable considerations are against it. It is clear from the record that the undertaking in replevin was executed to Bolch in his representative capacity. He held the goods by virtue of attachment levies in suits commenced by these defendants in error; these goods were taken from his possession by the coroner in the replevin action; and then he held the undertaking in

replevin in lieu of the goods for the benefit of the attaching creditors. When the attorneys of the attaching creditors commenced an action on the undertaking in his name, he had no right or authority to dismiss it without the consent of the real parties in interest. They were the real plaintiffs. Bolch at best was only a nominal party, and he so regarded himself. This is apparent not only from the statement he made at the time of the dismissal, but by his subsequent assignment of the undertaking in replevin to the defendants in error, that contained a guarantee "that the same is wholly unsatisfied and in full force and effect." It would be grossly inequitable to allow Norton to escape liability on the undertaking by such a proceeding. It is now insisted, and probably for the first time in the history of the case, that the petition does not state a cause of action, and that hence the general demurrer to the answer raises that question. It is said that the petition is defective because it does not allege affirmatively and in express terms, that the defendants in error (plaintiffs below) are all the parties interested in the undertaking; that the attachments were maintained; that they recovered judgments and the amounts thereof, etc. As to the first, it is not necessary for the plaintiffs to allege that they are all the parties interested as plaintiffs; and as to the other objections, it is sufficiently stated that there was a judgment in favor of Bolch in the replevin action, and that the property was not returned in accordance with the conditions of the undertaking in replevin.

We find no substantial error, and recommend the affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.