## J. O. STOW & CO. v. R. J. SHAY *et al.*

1. ATTACHMENT — *Forthcoming Bond.* The undertaking upon which the action is brought is *held* to be in substantial compliance with § 52 of the justices' civil code, and, as the attachment was discharged and the property restored by reason of the undertaking, the obligors of the same are bound to pay the final judgment rendered in the case in which it was given.

2. CHANGE OF VENUE — *Entry on Docket.* In granting a change of venue, a justice of the peace should designate the justice to whom the case is transferred, and make an entry thereof upon his docket; but where a change is made without making such entry, and the papers in the case are transmitted to another justice, before whom the parties appear, and there proceed with the trial to judgment

without questioning the validity of the transfer, the failure of the first justice of the peace to enter upon his docket the name of the one to whom the case was transferred is not alone sufficient to avoid the judgment.

### *Error from Rice District Court.*

ACTION by *J. O. Stow & Co.* against *R. J. Shay* and *Joe H. Borders*, to recover upon an undertaking in an attachment proceeding. From a judgment in favor of plaintiffs, defendants bring error. The facts appear in the opinion herein, filed January 5, 1895.

*A. M. Lasley*, for plaintiffs in error :

This case and the bond sued on, is very similar to the one sued on in the case of *Washer v. Campbell*, 40 Kas. 398.

We respectfully ask this court to reverse the decision of the lower court and remand the same, with instructions to enter judgment for the plaintiffs in error on the evidence adduced before that court.

*John N. Ives*, for defendants in error:

The judgment of the district court appealed from should be sustained, for the following reasons: *First.* The bond upon which the action was brought is not such a bond as is contemplated by ¶4898 of the General Statutes, because it was not given by the original defendant in the case pending before Justice Allen, nor by anyone upon his behalf. *Second.* If the bond upon which the plaintiff seeks to recover ever had any legal existence and validity, there can still be no recovery, because there has never been any final judgment rendered in any court of competent jurisdiction upon the merits, in the action in which the bond was given.

The case of *Herbert v. Beathard*, 26 Kas. 746, although not exactly in point, yet goes upon the theory that it is the duty of the justice of the peace granting a change of venue to designate some other justice who may take jurisdiction of it, and we contend that, until such designation is made and the records show it, the case has never been transferred; and un-

til such transfer is made no other justice can assume any jurisdiction or render any valid judgment, even if all the parties appear before him and go to trial.

The case of *Reihely v. Lane*, 15 Minn. 447, is a case exactly in point with the case at bar.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought by J. O. Stow & Co. to recover upon an undertaking given by R. J. Shay and Joe H. Borders in an attachment proceeding. It appears that an action was brought by J. O. Stow & Co. against one Walton, before George Allen, a justice of the peace of Hamilton county, to recover $300, and at the same time an order of attachment was issued, which was levied on a stock of merchandise. R. J. Shay, who appears to have been in possession of the attached goods, appeared before the justice of the peace, and upon his application was made a defendant. He then moved for the discharge of the attachment, which being overruled, he asked for and obtained a change of venue on account of the prejudice of the people of the township against him. According to the transcript of the docket of the justice of the peace, he "transmitted the papers to Syracuse." Although he did not name the justice of the peace to whom the papers were sent, we find them in the possession of J. D. Woodruff, a justice of the peace of Syracuse township, in the same county. On the following day he indorsed on his docket that the case was brought before George Allen, a justice of the peace of Coolidge township, and "taken from him to me by virtue of a change of venue." R. J. Shay appeared as one of the defendants before Woodruff, and a trial was had, which resulted in a judgment in favor of the plaintiffs, in the sum of $300, and for all costs. It does not appear that this judgment has been appealed from, nor that it has been paid or performed by anyone.

The contention is, first, that the bond upon which the action was brought is not such an one as is contemplated by the statutes for the discharge of an attachment; and, second, that

no recovery can be had because there has never been any final judgment rendered in a court of competent jurisdiction upon the merits, in the action in which the bond was given. The following is the undertaking upon which the action was brought:

"Before Geo. Allen, justice of the peace of Coolidge township.—State of Kansas, Hamilton county, ss.: Know all men by these presents, that we, the undersigned, are held and firmly bound to J. O. Stow & Co., in the sum of $2,200. The condition of this obligation is, that whereas, J. O. Stow & Co. has begun suit against Henry Walton for the sum of $300, and have attached a stock of goods on which R. J. Shay has a chattel mortgage of $1,370; said goods being attached while in the possession of said R. J. Shay: Now we, the undersigned, for the discharge of said attachment and restitution of said property, bind ourselves to said plaintiff in the sum of $2,200, to the effect that the said R. J. Shay shall perform the judgment in the above cause. Now, therefore, if all these things are fully done and performed, then the above obligation be void; otherwise, it shall remain in full force and effect.                               R. J. SHAY.
                                        JOE H. BORDERS.
"Taken and approved by me, this 10th day of January, A. D. 1887.          W. A. LOCK, *Constable.*"

The undertaking is in substantial compliance with § 52 of the justices' code. It is given by Shay, one of the defendants, who, having failed to secure a discharge of the attachment upon his motion, accomplished the same purpose by giving the bond. It operated as a substitute for the property attached, and to discharge the attachment. Having secured the release of the property upon an obligation to perform the judgment that might be rendered in the cause, the obligors are bound to pay any final judgment rendered in the case up to the limit of their obligation. (*Washer v. Campbell*, 40 Kas. 398, 747.)

The other ground of objection to a recovery upon the undertaking is, that the transcript of Justice Allen does not show the justice of the peace to whom the case was transferred by the change of venue. In changing the place of trial, it

37—54 KAS.

was the duty of the justice of the peace to specifically designate the justice to whom it was transferred. This was probably done, but the entry upon the docket simply shows that he granted "a change of venue and transmitted the papers to Syracuse," which was shown to be an adjoining township of the same county. The transcript and papers in the case were delivered to Justice Woodruff, and in his transcript he specifically shows that the case came from Justice Allen by virtue of a change of venue. The same defendant, represented by the same attorneys, appeared before Justice Woodruff and proceeded with the trial of the case without objecting to the validity of the transfer. While the transfer may have been somewhat irregular, the parties, having recognized the validity of the change, and submitted themselves without objection to the jurisdiction of the second justice of the peace, are not in a position to challenge the sufficiency of the judgment that was rendered. It is shown that the change was granted, that the papers were transmitted to another justice in an adjoining township, and, as the statute provides that the transcript and papers are to be delivered to the justice to whom such change is granted, we may reasonably infer that Justice Allen in the first instance designated Woodruff as the justice to whom the case should be sent. The action of the defendants in recognizing the validity of the proceedings and submitting to the jurisdiction of the second justice cures any informality there may have been in making the change. It follows from what has been said that the judgment must be reversed, and the cause remanded for another trial.

All the Justices concurring.