The McCormick Harvesting Machine Company v.  Jennie Fisher, *as Executrix, etc.,* *et al.*

No. 12,328.  (65 Pac. 223.)

SYLLABUS BY THE COURT.

1. Replevin—*Bond—Duty of Obligors.*  One who executes an ordinary bond in replevin is bound to cause the action in which it is given to be prosecuted to final judgment, and to that end must do all things necessary to maintain the standing of the plaintiffs in court and to keep the case pending until the same is finally determined.

2. ———— *Revivor—Obligors on Bond Estopped.*  Where the members of a copartnership execute with a surety a bond in replevin in which said firm is plaintiff, and thereafter and while said action is undetermined one of the members of said firm dies testate and an executrix is duly appointed, but does not, nor does the surviving partner or surety, apply to the court or take other steps to have such action revived in the name of such executrix or otherwise, and several years thereafter such action is dismissed and a new action is brought against such executrix, surviving partner, and surety, the defendants in the latter action are not relieved from their liability on the replevin undertaking on account of the non-revivor of the former action within one year after the appointment and qualification of such executrix, and they are estopped from setting up such fact as a defense.

Error from Osage district court; William Thomson, judge.  Opinion filed June 8, 1901.  Division one.  Reversed.

STATEMENT.

This case is a continuation of *Frankhouser v. Fisher,* 54 Kan. 738, 39 Pac. 705, with some changes as to parties and issues.  The McCormick Company had a judgment against the Neallys.  W. L. Neally had made an agreement which this court, in the case just cited, held to be a chattel motgage, by which he agreed to crib for Fisher & Enderton 2000 bushels of corn on Neally's place.  The corn was cribbed, but as this court held no delivery was made it still remained in

Neally's possession, when the McCormick Company got out an execution and levied on it, Frankhouser being sheriff and serving the writ. The chattel mortgage was not placed on file in the office of the register of deeds. Fisher & Enderton replevied the property. Johnson was a surety on the replevin undertaking. The suit was tried in the court below in 1890. Fisher & Enderton prevailed at the trial, and Frankhouser brought the case here.

In 1891 Fisher died testate, and in November of that year Jennie Fisher was appointed executrix and the action in this court was revived. In 1895 this court reversed the decision of the court below, and the mandate was sent down in June and entered in the district court. The case was continued to the November term, and on November 14, 1895, the action was dismissed.

In 1896 Sheriff Frankhouser assigned the replevin bond to the McCormick Harvesting Machine Company, which brings this action against Jennie Fisher, as executrix, and against Enderton and Johnson on the replevin bond. All these facts were alleged in plaintiff's petition, and it is also alleged that Fisher and Enderton were partners, and that they brought the original suit as partners; that Enderton survived, and that the action was revived in this court on motion of all the parties, including the executrix, in the name of Jennie Fisher, as executrix, etc. It was also alleged that the original action was dismissed for want of prosecution, and that the executrix, Enderton and Johnson failed to prosecute, and permitted the action so to be dismissed. To this petition general demurrers were filed by the defendants respectively, and sustained by the court. Plaintiff brings error to this court.

McCormick v. Fisher.

*Pleasant & Pleasant*, for plaintiff in error.

*J. L. Senior*, and *E. J. Crego*, for defendants in error.

The opinion of the court was delivered by

ELLIS, J. : It is doubtless true that the court below dismissed the original action because the plaintiffs therein did not prosecute it.   Such is the allegation of the petition, and upon demurrer it must be taken as true.   As to plaintiff's right to sue on the bond as assignee, reference is made to *Norton v. Lawrence*, 39 Kan. 458, 18 Pac. 526.   The parties signing the replevin bond bound themselves to prosecute the action to final judgment, and they could not dismiss it (*Bank v. Morse*, 60 Kan. 530, 57 Pac. 115) or suffer it to be dismissed for want of prosecution without incurring a breach of the conditions of their undertaking.   As a general rule, an unqualified agreement to perform a certain act necessarily includes the performance of those things which will enable or permit one to fulfil such obligation.   Probably there are exceptions to the rule, but the matter we are about to refer to does not constitute one of them.

The obligation of the signers of a replevin undertaking does not cease until the action in which it is given is brought to final judgment, and, if it be determined against the plaintiff in the suit, until such judgment is performed.   The contention of the counsel for defendants in error is that because they recovered judgment in the district court they were under no obligation to take measures to revive the action after the decease of Fisher.   They say :

"It was certainly not the duty of Enderton to have the action revived in his name, as he had no interest in obtaining a reversal of the judgment below, which

then had been in his favor. He was under no obliga-
tion to prosecute an appeal for the benefit of his
adversary, and it was not his fault if the order re-
manding it was void.''

The frankness of counsel is commendable ; they re-
sort to no specious artifice to conceal their true posi-
tion. Viewed cursorily their argument contains a
measure of plausibility, but it is not sound. As before
stated, their clients had contracted to prosecute their
action to a final determination. How could they ful-
fil that covenant without keeping the suit pending
and ready to be proceeded with, if this court should
reverse the judgment of the district court? Besides,
the order of this court remanding the cause for further
proceedings was not void. It was a step regularly
taken in the case, and one that defendants in error
were required to anticipate and prepare for as a con-
tingency to be encountered therein. True, the latter
were not bound to prosecute an appeal from a judg-
ment in their favor, but they were bound to take notice
that their adversary was doing so, and if they assumed
that they would prevail against their opponent in that
proceeding they did so at their peril. They were cul-
pably negligent in not instituting and perfecting such
measures for a revivor as would have enabled them to
proceed without delay to fulfil their covenants if the
result of the proceedings pending in this court should
make further affirmative action on their part neces-
sary, and they cannot now be heard to plead their own
laches and wrong to avoid their contractual liability.

It is no answer to say that the plaintiff in error
might have set the machinery of the law in motion
and procured an order of revivor. That party, or
the sheriff representing it, did not begin the litiga-
tion, and, as it sought no affirmative relief, its prov-

Guernsey v. Bank.

ince was to appear and defend its rights in the forum where, at the instance of the plaintiffs in that case, its representative had been summoned.    It could rely on the terms of the bond executed for its benefit, and had a right to expect that the makers thereof would do all things requisite to the maintenance of their standing in court.

Because it was the duty of defendants in error to cause this action to be revived, having failed in the performance of that duty they are estopped to plead such failure as a defense.    The case should proceed as though an order of revivor had been duly entered in the name of Jennie Fisher, as executrix.

The judgment is reversed, and the case remanded with directions to the court below to overrule the demurrers of defendants.

JOHNSTON, CUNNINGHAM, GREENE, JJ., concurring.