THE FIRST STATE BANK, Appellee, v. G. H. MARTIN et al., Appellants.

No. 16,348.

SYLLABUS BY THE COURT.

1. REPLEVIN—Redelivery Bond—Estoppel of Sureties—Possesssion—Res Judicata. The sureties on a redelivery bond in replevin are estopped to claim that the defendant did not have the property in his possession, and are bound by the judgment in the replevin action.

2. ―――― Action Against Sureties — Execution — Demand. An action against the sureties on a redelivery bond in replevin may be maintained without the issuance of an execution on the judgment in replevin, and without a demand for the return of the property.

3. —— *Time Liability of Sureties Becomes Fixed—Exception to Sureties—Demand that Bond be Withdrawn.* The plaintiff in replevin having excepted to the sureties on a redelivery bond which the sheriff had accepted and approved, the sureties appeared before the clerk of the district court and justified, and the clerk marked the bond "approved" and filed it. Afterward, and on the same day, the defendant notified the sheriff that he did not desire to retake the property, and demanded that the bond be withdrawn, which the sheriff refused. The trial of the replevin action resulted in a judgment for the plaintiff. In an action against the sureties on the bond, *held*, that their liability became fixed when the bond was accepted and approved by the sheriff, and neither the fact that the plaintiff excepted to the sureties nor the defendant's demand that the bond be withdrawn relieved them from liability.

Appeal from Graham district court; CHARLES W. SMITH, judge. Opinion filed February 12, 1910. Affirmed.

*W. L. Sayers,* and *S. N. Hawkes,* for the appellants.
*Reed & Reed,* and *F. D. Turck,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: The appellants were sureties on a redelivery bond given in an action of replevin. Suit on the bond resulted in a judgment against them, from which they appeal.

The facts are that the First State Bank owned a note secured by a chattel mortgage on 249 head of cattle, and brought replevin to recover possession. The sheriff found and took all the cattle described in the mortgage except 79 cows and 32 calves, when the defendants executed and delivered to him a redelivery bond for all the cattle. The sheriff approved the bond, but the plaintiff in the action excepted to the sufficiency of the sureties and the sheriff required them to justify before the clerk of the district court. Two of the sureties appeared before the clerk and justified

and the clerk approved and filed the bond. This was at eleven o'clock in the forenoon. The cattle which the sheriff had taken were in a pasture several miles from town and it was arranged that the sheriff should deliver them to the defendants in the afternoon. The attorney for the bank was still excepting to the sufficiency of the bond, notwithstanding its approval by the clerk, and it was expected that the other surety would come in and justify in the afternoon. Before he had done so the defendants notified the sheriff that they had concluded not to take the cattle and would withdraw the bond. The sheriff refused to consent to this, as the bond had been approved and filed with the clerk. He offered to deliver to the defendants the cattle in his possession, but the offer was refused. The cattle taken by him remained in the pasture where he had left them until the trial of the replevin action, which resulted in a judgment in favor of the bank against the defendants for the return of the cattle, or, in case they could not be returned, for their value. This action on the bond was to recover the value of the 79 cows and 32 calves.

The answer admitted the execution and delivery of the bond, but set up as a defense that the cattle had never been delivered to the defendants in the replevin action and that they had demanded the return of the bond while the cattle which the sheriff had taken were still in his possession. The answer further alleged that the clerk of the district court refused to approve and accept the bond, on account of the failure of one of the sureties to appear and justify. The bond contained an indorsement of the clerk stating that it had been allowed and approved, after justification. It also contained the following indorsement:

"At two o'clock P. M., July 19, 1900, the sureties not having all appeared for justification before me, I hereby set aside my approval and finding of this bond.
A. G. MORRIS, *Clerk District Court.*"

The cause was tried to the court and judgment rendered in favor of the bank against the sureties for the value of the 79 cows and 32 calves, in the sum of $2200 and costs.

The doctrine is settled in this state that the sureties on a redelivery bond in replevin are estopped to claim that the defendant did not have the property in his possession, and are bound by the judgment in the replevin action. (*Kennedy v. Brown,* 21 Kan. 171; *Benesch v. Waggner,* 12 Colo. 534; *Diossy v. Morgan et al.,* 74 N. Y. 11; *Griffith v. Richmond,* 126 N. C. 377; *Schnaider Brewing Co. v. Niederweiser,* 28 Mo. App. 233; Cobbey, Replevin, 2d ed., § 1314; 24 A. & E. Encycl. of L. 544.)

That the defendants never received possession of the cattle which the sheriff had taken is a matter of no consequence for another reason. This action was not brought to recover the value of the cattle taken; those were all accounted for; they were sold and the proceeds credited on the judgment in the replevin action. The basis of the liability of the sureties is the value of the cattle which the sheriff refrained from taking and which it is presumed he would have taken from the defendants except for the giving of the bond. (*Kennedy v. Brown,* supra.) In the opinion in that case, referring to the sureties, the court said:

"They could no more prove in their defense that the cattle had never been in the possession of Kennedy than they could have introduced evidence showing Kennedy was the owner thereof and that the judgment in the replevin action ought to have been for him instead of Brown. In other words, they had no right to retry the issues settled in the former suit." (Page 176.)

The liability of the sureties became fixed when the sheriff accepted and approved the bond. Nothing that occurred thereafter relieved them from liability. The plaintiff had twenty-four hours in which to except to

the sufficiency of the bond, and failure to except within that time would have relieved the officer from liability in case it proved insufficient. Having excepted within time, it was for the officer to determine whether he should cause the sureties to justify and thus relieve himself and his bondsmen from liability, or assume the responsibility himself if he cared to do so. Neither the action of the plaintiff in excepting nor the sheriff's action in requiring the sureties to justify altered or affected their liability on the bond. Besides, it is clear that the sureties did justify, and that the clerk, who was the justifying officer, afterward filed the bond. No action of the clerk or of the parties to the bond could have withdrawn it or released the sureties from liability thereon after it had been delivered. There was no failure of consideration. By reason of the giving of the bond the defendants in replevin were permitted to retain property which the judgment determined belonged to the plaintiff, and the obligation of the sureties was to pay all damages awarded against the defendants. Nothing set up in the answer could release them from this obligation. (*Washer v. Campbell*, 40 Kan. 398, 747; *Stow v. Shay*, 54 Kan. 574.)

There remains only the claim that the petition failed to state a cause of action because it failed to allege that an execution had issued on the judgment in replevin. The obligation of the sureties was not that they would pay the value of the cattle provided an execution was issued and found to be fruitless, but that the defendants would deliver the property to the plaintiff if delivery be adjudged. A question very similar was raised in *MacRae v. Piano Co.*, 69 Kan. 457. In that case it was held that the duty was upon the defendant to tender back the replevined article, and not upon the plaintiff to demand or enforce possession. In *Sweeney v. Lomme*, 89 U. S. 208, the condition of the bond was

the same as in this case. It was held that the issuance of an execution was not a condition precedent to an action on the bond.

The judgment is affirmed.