No. 37,718

Wendell R. Prather, *Appellee*, v. Carl Johnson, *Appellant*.

(211 P. 2d 98)

Opinion filed November 12, 1949.

*Robert R. Hasty*, of Wichita, argued the cause, and was on the briefs for the appellant.

*Claude E. Sowers*, of Wichita, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action against a surety on a replevin bond. From an adverse judgment the surety appeals.

Before treating appellant's, Carl Johnson's, contentions in the instant action on the replevin bond we shall briefly sketch the narrative of evidence in the replevin action as that forms the basis of appellant's contentions.

In the replevin action Lester W. Haden was the plaintiff and Wendell R. Prather was the defendant. The replevin action was instituted October 14, 1947, at which time a replevin bond was filed on which Carl Johnson was the surety. Within twenty-four hours Wendell R. Prather furnished a redelivery bond and retained possession of the automobile, the property in question, until December 13, 1947. The surety on the redelivery bond had learned that her principal, Wendell R. Prather, had accepted employment out of the state, in Kansas City, Mo., but he had left the car at Wichita. The surety on the redelivery bond then delivered the car to the sheriff who it is said released that surety and Wendell R. Prather, principal on the redelivery bond. The sheriff retained the redelivery bond. Wendell R. Prather was notified in Kansas City, Mo., the car had been delivered to the sheriff. On December 13, 1947, the sheriff delivered the car to the plaintiff in the replevin action by reason of the replevin bond the plaintiff, Haden, and Johnson as surety, had executed. Haden thereafter retained possession of the car.

The replevin action between Haden and Wendell R. Prather was tried April 14, 1948. On May 17, 1948, judgment was rendered against Haden and in favor of Wendell R. Prather pursuant to the following verdict:

"We, the jury impaneled and sworn in the above entitled case duly sworn on oath, find for the defendant (plaintiff in this action) for the recovery of the possession of one Dodge convertible automobile and we further find the value of said automobile at the time it was taken by the plaintiff (Haden) to be $2,200.00."

No appeal was perfected from the judgment in the replevin action by Haden or his surety, Johnson. On July 21, 1948, execution was issued and returned unsatisfied. On August 19, 1948, the instant action was instituted by Wendell R. Prather, the defendant who prevailed in the replevin action, against Carl Johnson, the surety on the replevin bond.

The pertinent part of the replevin bond provided:

"Now Therefore, We, Lester Haden as principal, and Carl Johnson as surety, hereby undertake to the said Defendant in the sum of $5,000.00 that the said Plaintiff shall duly prosecute this action and pay all costs and damages which may be awarded against him; *and if the said property be delivered to him that he will return the same to the Defendant if a return thereof be adjudged."* (Our italics.)

As previously indicated the car was not delivered to the defendant, Prather, in the replevin action pursuant to the judgment rendered and execution was returned unsatisfied. Hence this action against the surety on the replevin bond.

In his answer, in the instant action, the surety, in substance alleged: He had no knowledge of and did not consent to the acts of Wendell R. Prather and his surety on the redelivery bond in surrendering the car to the sheriff and to the sheriff's delivery of it to the plaintiff in the replevin action; the plaintiff in the replevin action did not obtain possession of the car by virtue of the replevin bond; if he, the surety on the replevin bond, was at any time liable the liability was discharged by the voluntary delivery of the car to the plaintiff in the replevin action pursuant to directions of the surety on the redelivery bond.

Touching the surety's, appellant's, knowledge of the fact his principal had acquired possession of the car the record, in substance, disclosed: Haden, the principal on the replevin bond, was employed by the surety, Johnson, before that bond was executed; he was so employed by the surety from October 8, 1947, to February 28, 1948; appellant, the surety, knew the car had been returned to Haden within a few days after its return by the sheriff; Haden drove the car around appellant's place of business and parked it in a parking lot at appellant's place of business; appellant saw Haden driving the car on several occasions prior to the trial of the replevin action; Haden drove the car every day.

Appellee argues the foregoing facts show appellant, surety on the replevin bond, knew and consented to his principal, Haden, having possession of the car after its delivery to Haden. These facts may be entitled to some secondary consideration to which we shall refer later. In passing we may say this is not a case in which a plaintiff in a replevin action and his surety consented, or attempted to consent to the release of a surety on a redelivery bond and thereafter brought an action on the redelivery bond to hold such surety liable.

The instant action is on the replevin bond given by a plaintiff

for the benefit and protection of a defendant who prevailed in the replevin action.

The first question in this case is when did the liability on the replevin bond become fixed? The next question is how long did that liability continue? The liability on a replevin bond attaches and becomes fixed when the bond is approved. No subsequent action by the surety on the redelivery bond in an attempt to rid himself of his own liability on that bond can affect the liability of the surety on the replevin bond. It has even been held no conduct of the parties to a redelivery bond could work a withdrawal of that bond or release the surety on it from liability after the redelivery bond had been posted. (*Bank v. Martin*, 81 Kan. 794, 798, 106 Pac. 1056.)

The question when liability on a bond attaches in a replevin action and whether sureties may be subsequently released therefrom is well treated in *Bank v. Martin*, supra. In that particular case liability on a redelivery bond was involved. It was claimed certain actions, fully stated there which need not be repeated here, relieved defendants in a replevin action from liability on their redelivery bond. In denying such contention the court held the bond remained valid and the parties were bound by the judgment in the replevin action. The same principle applies here.

How long did the force and effect of the replevin bond continue? The protection of a replevin bond continues until the action in which it is given is brought to final judgment and, if it be determined against the plaintiff, until such judgment is performed. (*McCormick v. Fisher*, 63 Kan. 199, 201, 65 Pac. 223.) To the same effect are decisions of foreign jurisdictions. (*Markall v. Peterson*, 59 C. A. 2d 248, 139 P. 2d 70; *Kurzweil v. Story & Clark Piano Co.*, 159 N. Y. S. 231; *York Ice Mach'y Corp., Aplnt., v. Robbins et al.*, 323 Pa. 369, 185 A. 626.)

Appellant argues the defendant in the replevin action posted a redelivery bond and the car was, therefore, not delivered to the plaintiff in that action pursuant to the replevin bond. In other words appellant contends the condition of the replevin bond that ". . . if the said property be delivered to him . . . [the plaintiff] . . ." did not occur in the replevin action at the time the replevin bond was given and therefore appellant is not liable on the bond. The contention is not good. That situation arises in every case where both a replevin and a redelivery bond are given. The question who is entitled to possession of the property always re-

mains until determined by judgment. Both bonds remain as protection to the successful party.

So in the Pennsylvania case, *supra,* it was said:

"Notwithstanding that defendant has retained possession of the goods sought to be replevied by counter-bond, the bond of the plaintiff necessarily remains as security to defendant for his damages and costs incurred should he prevail in the action." (p. 372.)

There are also certain facts in the instant case which may be entitled to at least secondary consideration. As previously indicated appellant and his principal acquiesced in the surrender of the car by defendant's surety in the replevin case and to its delivery to the plaintiff in that action. That such plaintiff actually retained possession of the car is conceded. That such plaintiff might have acquired possession of the car from defendant in the replevin action only by virtue of a replevin bond is clear. Except for a replevin bond the property would have remained in the possession of the defendant in that case even though no redelivery bond had been given. It follows that whether the redelivery bond remained effective or not appellant was not released of his liability as a surety on the replevin bond.

The judgment is affirmed.