JESSE BOYD v. JAMES HUFFAKER *et al.*

1. REPLEVIN —*Action on Redelivery Bond* — *Good Defense, When.* In an action of replevin a redelivery bond was given by the defendant and his sureties, and judgment was afterward rendered against the defendant, which judgment has never been satisfied. Afterward the plaintiff commenced an action on the redelivery bond against the sureties, and in such action the sureties interposed the defense that, while the action of replevin was pending, the defendant in that action by order of the court delivered the property in controversy to a receiver appointed by the court in an action brought by a creditor of the owner. *Held,* That such defense would have been a good defense in the action of replevin, but after judgment against the defendant in that action, it cannot be interposed in the action on the redelivery bond.

2. FACTS *Forming Defense to Action on Redelivery Bond.* Where, in such action on the redelivery bond, it is shown that the property was sold by the receiver, and after the trial in the replevin action the owner applies to the court for the proceeds of the sale, and on such application receives a portion thereof, the remainder being retained to abide the result of the action in which the receiver was appointed, *held,* that such facts constitute a defense to the action on the redelivery bond for the amount for which the property was sold at the receiver's sale.

*Error from Harper District Court.*

IN the summer of 1883, *Jesse Boyd* drove a herd of cattle from Arkansas into Barber county; and in July, C. T. Riggs, sheriff of Barber county, took possession of the cattle under and by virtue of article 9, ch. 105, Comp. Laws of 1885. Soon afterward plaintiff brought his action to recover possession of the cattle; and, for the purpose of holding the cattle for examination under the Texas-cattle law, the sheriff executed a redelivery bond, and the defendants in this action, *James Huffaker* and fourteen others, were the sureties thereon. The replevin action was tried at the April term, 1884, and judgment was rendered for the plaintiff for the possession of the cattle, which were found to be of the value of $10,485. This action was brought on the redelivery bond for the value of the cattle. The defendants set up in their answer as a de-

fense, that the sheriff of Barber county, C. T. Riggs, held the cattle until December, 1883; that about the 1st day of November, one W. W. Cook commenced an action against the plaintiff, Jesse Boyd, and on the 4th day of December presented his application to the district court of Barber county, praying for the appointment of a receiver to take charge of the cattle in controversy, the property of the plaintiff, and the district court appointed T. A. McCleary as such receiver, and on the 10th day of December the sheriff turned over said cattle on the order of the court to said receiver; that afterward the receiver procured an order of the district court to sell the property, and on the 24th day of December did sell the cattle at receiver's sale for the sum of $7,519.35; that on the 11th day of November, 1884, the plaintiff made an application to the district court for an order directing the receiver to pay and deliver over to him the money received from the sale of the cattle; that upon said application an order was made by the court directing the receiver to turn over to the plaintiff $4,019.35, as part of the proceeds of the sale, and ordered the receiver to retain the balance of the money to await and abide the order and judgment of the court in the action in which the receiver was appointed; that in obedience to said order the receiver turned over to the plaintiff the sum of $4,019.35. To this answer the plaintiff filed a demurrer. At the October term, 1886, this demurrer was by the court overruled, and judgment rendered against the plaintiff for costs. To reverse this ruling and judgment, the plaintiff brings the case here.

*S. S. Sisson,* and *Sankey & Campbell,* for plaintiff in error.
*Sluss & Stanley,* for defendants in error.

Opinion by CLOGSTON, C.: It is claimed that the turning-over of the cattle to the receiver upon the order of the court is a complete answer and defense to the action against the sureties on the redelivery bond. Where property is in the custody of an officer, and for the purpose of holding the prop-

erty a redelivery bond is given, and afterward a receiver is appointed by the court in an action against the owner of the property, and the officer is ordered to turn the property over to the receiver, and it is so turned over, we think is a good defense from that time forward in an action for the possession of the property. The receiver, being an officer of the court, would hold the property subject to such order as the court might make, and whoever might finally be determined to be the owner of the property, the receiver would be accountable to him for it. But such a defense, like every other, to be available must be pleaded in the proper action and at the proper time. If the sheriff or his sureties on the redelivery bond desired to avail themselves of such a defense, they ought to have filed a supplemental answer setting up the facts. This would have relieved them of the wrongful detention, and from a judgment being rendered against them for a return of the property, or for its value. They would still be liable for damages, if the plaintiff sustained any, for the wrongful detention of the cattle from the time they were taken up to the time they were turned over to the receiver. But in this action the defendants did not set up or allege the turning-over of the cattle to the receiver as a defense to the action; and not having so pleaded, it is no defense now to the action on the redelivery bond. Whatever might have been pleaded as a defense to the first action, and what would have constituted a good defense, is barred now in this action on the bond, for whatever defense the sheriff might have made binds his sureties on the redelivery bond as fully as though they had been parties to that action. This being true, then so far as the allegation of turning the cattle over to the receiver is concerned, it is no defense to this action. But the fact that the cattle were turned over to a receiver, and by him sold, and the further fact that the plaintiff made application for the proceeds of such sale, and received a large part of the money, is such a recognition of the proceedings as will bind the plaintiff and estop him from denying the proceedings so far as the amount received by him, as well as the amount retained by the receiver

under the order of the court. By the application for the money he claimed the same as his own. This he might do, but in so doing he bound himself to look to that fund for the amount of the sale of the property in the hands of the receiver; the defendants being liable on the bond for the remainder of the value of the cattle, they having waived that defense by their failure to set up the facts in the replevin action, and they cannot now be heard to complain because the cattle failed sell for the amount the jury found they were worth in July. Cattle might have depreciated from July to December; but whether from that reason, or that at the receiver's sale they were sold for less than their actual value, cannot now be inquired into. While the fact that the cattle were turned over to a receiver is no defense, yet the proceeds of such sale, being in the hands of the court, and held by it subject to the creditors of the plaintiff, is as good a defense, so far as it goes, to the action on the bond, as if the defendants had paid to the plaintiff or deposited with the court that much money for the plaintiff, to apply on his damages; the plaintiff having made his application for the proceeds long after the replevin action was tried. Therefore the answer was a good defense as a plea of payment for that amount, and being a good defense to a part of the plaintiff's claim, the demurrer was properly overruled.

The record seems to show that the court, after the demurrer was overruled, rendered judgment on the pleadings for the defendants. Under the view herein expressed, we think the court erred in rendering judgment for the defendants, but if submitted upon the pleadings should have rendered judgment thereon in favor of the plaintiff for the difference in value of the cattle as found by the jury in the replevin suit and the amount for which the cattle were sold at the receiver's sale. It is therefore recommended that the judgment of the court below be reversed, and that the cause be remanded, with the order that further proceedings be had in accordance with the views herein expressed.

By the Court: It is so ordered.

All the Justices concurring.