## JESSE BOYD v. JAMES HUFFAKER et al.

REPLEVIN—*Redelivery Bond—Action—Defense.* In an action of re-
plevin where the defendant and sureties give a redelivery bond, and
the property is returned to the defendant, and afterward judgment is
rendered in favor of the plaintiff and against the defendant in the
alternative for a return of the property to the plaintiff, or in case a
return cannot be had, then for its value, and the judgment is not
performed or satisfied, and the plaintiff sues the sureties on the re-
delivery bond, *held,* that no defense can be set up in the action on
the redelivery bond which could with reasonable deligence have been
set up or interposed in the replevin action.

### Motion for Rehearing.

THE facts are stated in *Boyd v. Huffaker*, 39 Kas. 525, and
in the opinion herein, filed at the session of the court in Feb-
ruary, 1889.

*S. S. Sisson,* and *Sankey & Campbell,* for plaintiff in error.

*Sluss & Stanley,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The facts of this case as they appear
from the pleadings are substantially as follows: Just prior to
July 20, 1883, Jesse Boyd drove a herd of cattle into Barber
county, Kansas, and on that day C. T. Rigg, the sheriff of
that county, against the will of Boyd, took the cattle into
his possession and claimed to hold them under chapter 161
of the Laws of 1881. (Comp. Laws of 1885, p. 930.)  On
August 1, 1883, Boyd replevied the cattle from Rigg, and on
the same day Rigg, as principal, and James Huffaker, W. W.
Cook, and others, as sureties, gave a redelivery bond, and the
cattle were returned to Rigg.  On November 1, 1883, said
W. W. Cook, one of the sureties on the redelivery bond, com-
menced an action against Boyd, and in such action, and over
the objection of Boyd, and on December 4, 1883, procured a
receiver to be appointed to take charge of the cattle.  On
December 10, 1883, the receiver took the possession of the

cattle, and on the same day Cook procured an order that the receiver should sell the cattle, and on December 24, 1883, the receiver sold the cattle for the sum of $7,519.35. On April 21, 1884, the replevin suit was tried, and judgment was rendered therein in favor of Boyd and against Rigg in the alternative for a return of the cattle to Boyd, or if that could not be had, then for their value; and the value was adjudged to be $10,485. This judgment was not performed, and on September 23, 1884, Boyd commenced this action against James Huffaker, W. W. Cook, and the other sureties on the redelivery bond. On November 11, 1884, by order of the court, the receiver paid to Boyd $4,019.35 out of the amount for which the cattle were sold, and retained the remainder thereof, subject to the further order of the court. On July 30, 1886, the defendants filed an amended answer in this action, setting forth substantially all the foregoing facts. The plaintiff, Boyd, demurred to this answer, upon the ground that it did not state facts sufficient to constitute a defense to his action; and on October 19, 1886, the court overruled the demurrer and rendered judgment upon the pleadings in favor of the defendants and against the plaintiff, and for costs of suit, taxed at $35.35. On April 8, 1887, the plaintiff, Boyd, brought the case to this court for review. On June 9, 1888, the case was decided by this court, and the judgment of the court below was reversed and the cause remanded for further proceedings, adjudging substantially that the judgment upon the pleadings should be in favor of the plaintiff, Boyd, and against the defendants, for the difference in value of the cattle as determined in the replevin action and the amount for which the cattle were sold by the receiver, to wit, $2,965.65. This decision will be found reported in 39 Kas. 525, and 18 Pac. Rep. 508. On November 9, 1888, a motion was filed in this court for a rehearing of the case, and the claim is now made substantially that upon the facts of this case the judgment in the replevin action should count for nothing as against the defendants.

It seems to us that the judgment in the replevin action is

not only valid and binding as against all the defendants, with reference to all matters and things which were in fact litigated in that action, but is also valid and binding with reference to all matters and things which might or could with reasonable diligence have been litigated in that action; and that every defense which might or could with reasonable diligence have been interposed in that action has now become *res adjudicata*. (*Snow v. Mitchell*, 37 Kas. 636; *Whitaker v. Hawley*, 30 id. 317, 327, and cases there cited; *Furneaux v. National Bank*, 39 id. 144; *Townsdin v. Shrader*, 39 id. 286; *The State v. Colgate*, 31 id. 511, and cases there cited; *Noble v. Butler*, 25 id. 650, and cases there cited; Wells Res Adj., ch. 20, and the numerous cases there cited.) The statute provides that the condition of the redelivery bond in cases like this shall in effect be "that the defendant will deliver the property to the plaintiff, if such delivery be adjudged, and will pay all costs and damages that may be awarded against him;" and the condition of the redelivery bond in this case was in fact and is to the effect "that said defendant [Rigg] shall deliver to the said plaintiff [Boyd] the property herein returned to him [Rigg], if such delivery be adjudged, and pay all costs and damages awarded against him in said [replevin] action." The defendants in effect bound themselves to perform any judgment which might be rendered against Rigg in the replevin action. They were his sureties to this extent, and therefore had an interest in the final result of the action, and if he did not properly defend the action they could have interfered, possibly by a suit in equity, and certainly by a motion and subsequent proceedings in the replevin action, to have their rights and interests protected. In this state, and under § 532 of the civil code, "any party to a suit or proceeding, or one interested therein or affected thereby," may appear in court and by a proper motion have all his rights or interests protected. (*White-Crow v. White-Wing*, 3 Kas. 276; *Harrison v. Andrews*, 18 id. 535; *Green v. McMurtry*, 20 id. 193; *Long Bros. v. Murphy*, 27 id. 375.) Hence, as before stated, we think the judgment in the replevin action should not only be considered

valid as against Rigg, but also valid as against all his sureties on the redelivery bond. They in effect and by their bond agreed to perform that judgment, and they should now be held to do so. In this state also "the defendant may set forth, in his answer, as many grounds of defense, counterclaim, set-off, and for relief, as he may have, whether they be such as have been heretofore denominated legal, or equitable, or both." (Civil Code, § 94.) It is true that if a defendant omit to set up any counterclaim or set-off which he may have, he loses only his costs if he afterward sue for them in another action. (Civil Code, § 96.) But if a defendant omit to set up any mere *defense* which he may have to the plaintiff's action, he will wholly lose such defense, if the judgment should be rendered against him, and he cannot afterward set it up in another action. (See authorities heretofore cited.) And further: "Either party may be allowed, on notice, and on such terms as to costs, as the court may prescribe, to file a supplemental petition, answer, or reply, alleging facts material to the case, occurring after the former petition, answer, or reply." (Civil Code, § 144.) Now, if the delivery of the cattle by Rigg, the defendant in the replevin action, to the receiver appointed at the instance of Cook, one of the sureties on the redelivery bond and one of the defendants in this action, was in effect a delivery of the cattle by Rigg or by his sureties to the plaintiff, Boyd, or if such a delivery of the cattle to the receiver could have been made a defense of any kind or character in the replevin action, (and unless it could have been made a defense in that action it cannot in this,) then it should have been set up in that action as a defense; but not being set up in that action as a defense, it cannot now be made available in this action on the redelivery bond. The matter has now become *res adjudicata*. The judgment in the replevin action is conclusive that Boyd owned the cattle, that they were worth $10,485, that he was at the beginning and at the end of that suit entitled to the immediate possession of the cattle, that Rigg during all the time and at the termination of that suit wrongfully detained the cattle, and that he should immediately

return them to Boyd, or if impracticable to do so, then that he should pay the adjudged value thereof. When that judgment was rendered, Rigg or his sureties could have satisfied. the same by returning the cattle to Boyd and paying the costs of suit; but they did not return the cattle, and it would now seem that they could not have done so because the cattle had previously gone out of their possession and had gone into the hands of purchasers at the receiver's sale; hence they could satisfy the judgment only by paying the adjudged value of the cattle and the costs of suit. It was adjudged by this court, however, in its former decision of this case, that Rigg and his sureties, since the judgment was render in the replevin action, had in effect paid the plaintiff $7,519.35, the amount for which the cattle were sold by the receiver, a part of which sum ($4,019.35) had actually been paid to the plaintiff, and presumably the remainder will be paid to him or for his benefit; and of this part of our prior decision no complaint is now made. Hence we have not reconsidered this portion of our former decision, and we do not think it is necessary to do so. The question really to be considered at this time is, whether the judgment in the replevin action may be wholly ignored in this action; or, in other words, whether it may be ignored to the extent that any defense which might have been set up or interposed in that action, as well as other defenses and those subsequently accruing, may be set up in this action. In our former decision we held in effect that all defenses which could properly be set up or interposed in the replevin action cannot be set up in this action, and upon this subject we think our former decision is correct. We have examined all the authorities cited by counsel for the defendants, and they hardly seem to be applicable to this case, for the reason that no question of res adjudicata seems to have been raised or decided in such cases. So far however as any of such cases seem to conflict with the decisions of this court in this case, they will not be followed.

The motion for the rehearing will be overruled.

All the Justices concurring.