**SCHLEGEL et al. v. MARTIN et al.**

No. 12838—Opinion Filed June 17, 1924.

Rehearing Denied Feb. 3, 1925.

**Replevin—Action on Redelivery Bond—Conclusiveness of Original Judgment.**

In an action upon a redelivery bond given in a replevin action the sureties on the redelivery bond are concluded by a judgment recovered against the principal in the absence of fraud or collusion if they had notice of the action wherein the judgment was ren-

dered and the question of the value of the property taken as adjudicated in the replevin action is not open to re-examination by the suerties on the redelivery bond.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by H. B. Martin and A. F. Moss against R. K. Dumbell, O. U. Schlegel, and L. H. Armentrout. Judgment for plaintiffs, and defendants appeal. Affirmed.

Randolph, Haver & Shirk and H. M. Gray, for plaintiffs in error.

R. A. Reynolds, for defendants in error.

Opinion by RAY, C. This is a suit on a redelivery bond in a replevin action. The court directed a verdict for the plaintiffs and on that verdict entered judgment from which the sureties on the redelivery bond have appealed. The sureties answered by general denial and further answering alleged that at the time or before this suit was filed the plaintiffs had taken possession of and held possession of the property mentioned in the petition and still maintained possession. The evidence shows that the plaintiff below in a replevin action sought to recover possession under a chattel mortgage of personal property on part of which there existed a prior mortgage. After the redelivery bond was given, and before trial in that action, the prior chattel mortgage was foreclosed, and Martin, one of the plaintiffs, bought the property at the foreclosure sale. Judgment in the replevin action was by default and plaintiffs were adjudged a return of the property, the value of which was found to be $3,600, or, if return could not be had, then, in lieu thereof, the amount of their claim under the chattel mortgage, adjudged to be $1,999.45. The court directed a verdict for the amount of the judgment in the replevin action, less the value of that part of the property which came into possession of Martin by reason of his purchase at the foreclosure sale of the prior mortgage.

We think the law is well settled that in an action upon a redelivery bond given in a replevin action the sureties on the redelivery bond are concluded by a judgment recovered against the principal in the absence of fraud or collusion if they have notice of the action wherein the judgment was rendered. 9 A. & E. Ann. Cases, 157, Kennedy v. Brown, 24 Kan. 171; Boyd v. Huffaker, 39

Kan. 525 and 40 Kan. 634; O'Laughlin v. Carr, 9 Kan. App. 818; 23 R. C. L. 940.

"* * * So also both the principal and sureties on a replevin bond are estopped in an action on the bond from denying the regularity of the proceeding in the replevin action, and they cannot be heard to say that there was no consideration for the bond. Likewise, the question of the value of the property taken as adjudicated in the replevin suit is not open to re-examination by the sureties on the redelivery bond." 23 R. C. L. 941.

While neither the sureties nor their principal appeared at the trial in the replevin action, the evidence shows that the sureties had knowledge that the action was pending and that they arranged with an attorney to represent them in that action but, for some reason not made to appear in the record, no appearance was made at the trial and judgment was for the plaintiff.

We think, under the authorities cited, that the sureties having failed to appear in the original action and present any defense they had, they are concluded by the judgment in that case.

We think the judgment should be affirmed.

By the Court: It is so ordered.