No. 28,594.

THE WALRUS MANUFACTURING COMPANY, *Appellee,* v. J. C. QUACKENBUSH and ALBERT HOFF, *Appellants.*

(276 Pac. 806.)

Opinion filed May 4, 1929.

*William Keith* and *Lester Wilkinson,* both of Wichita, for the appellants.
*E. L. Foulke* and *Roy H. Wasson,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one on a redelivery bond given in a replevin action. Plaintiff recovered, and defendants appeal.

Plaintiff commenced an action of replevin in the city court of Wichita against Quackenbush to obtain possession of personal property valued at $440 in the affidavit and order of delivery. Quackenbush gave a redelivery bond signed by himself and Hoff, and kept possession of the property. Judgment was rendered in favor of the manufacturing company for possession of the property or its value with interest. Quackenbush appealed to the district court. He subsequently dismissed the appeal, and the property was turned over to plaintiff. Plaintiff then sued on the bond for depreciation in value of the property while detained by virtue of the bond. The petition alleged the property was worth $440 when plaintiff became entitled to possession. When plaintiff obtained possession the property was sold at public sale pursuant to statutory notices, for $210. The condition of the bond read as follows:

"Now, we, the undersigned residents of said county, bind ourselves to said plaintiff in the sum of $880.02 that said defendant shall deliver to said plaintiff the property herein returned to him, if such delivery be adjudged, and pay all costs and damages awarded against him in said action."

It is plain from the record the defense was that the bond did not cover depreciation in value. That defense is abandoned here, and

it is now contended there was no evidence of depreciation. While there is nothing in the record to show the contention was made in the district court, it is not well founded.

The journal entry of judgment contains the following:

"And thereupon in open court a stipulation as to the facts is dictated to the stenographer, and certain admissions made by the attorneys for the plaintiff and the defendant."

The court construed the stipulation as follows:

"Now, as I understand your stipulation in this case, the plaintiff in the present action brought a suit in replevin against the defendant, J. C. Quackenbush, setting up a value on the property replevined of $440.01. The defendant, J. C. Quackenbush, gave a redelivery bond in the sum of $880.02, signed by the defendant Hoff as surety. Then the trial proceeded in the city court, and judgment was rendered against the defendant Quackenbush for the possession of the property or, in the alternative, for $440.01 and costs. The case was appealed, but I don't see as that makes any difference in this case. Later, the property was repossessed by the plaintiff in this case, and sold at public sale at the amount stated in your bill of particulars, and you are suing for the difference between that and the alleged value of the property at the time the replevin action was instituted, . . ."

The replevin affidavit was not conclusive with respect to value of the property at the time the manufacturing company became entitled to possession; but the judgment of the city court for the value stated in the affidavit was pretty good evidence the affidavit was correct, and the price the property brought at public sale after legal notice was some evidence of its value when returned.

Defendants contend the condition of the property when plaintiff became entitled to possession and when it obtained possession was not shown. Condition was material only as it affected value, and as indicated there was evidence of depreciation in value.

The judgment of the district court is affirmed.