No. 28,594.

THE WALRUS MANUFACTURING COMPANY, *Appellee,* v. J. C. QUACK-
ENBUSH and ALBERT HOFF, *Appellants.*

(279 Pac. 3.)

Opinion denying a rehearing filed July 6, 1929. (For original opinion
of affirmance see *ante,* p. 216, 276 Pac. 806.)

*William Keith* and *Lester Wilkinson,* both of Wichita, for appellant Albert
Hoff.

*E. L. Foulke* and *Roy H. Wasson,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The original opinion stated the facts, and contained
the following:

"It is plain from the record the defense was that the bond did not cover
depreciation in value. That defense is abandoned here, and it is now contended
there was no evidence of depreciation." (*Walrus Manufacturing Co. v. Quack-
enbush,* ante, p. 216, 276 Pac. 806.)

Appellants have filed a petition for rehearing, which contains the
following:

"In the opinion Justice Burch says that appellant had abandoned this de-
fense. Counsel for appellant certainly did not intend to abandon their con-
tention in this respect, and submit that the question is fairly presented on
pages 10 and 11 of appellant's brief. . . ."

Beginning on page 11 of their brief, appellants also discussed the
topic, "Appellee's theory which prevailed." The theory which pre-
vailed was that the bond covered depreciation in value, and the dis-
cussion concluded as follows:

"Appellee's theory of law in the instant case is sound and is supported by
the above-quoted authorities. . . ."

This accounts for the statement contained in the original opinion relating to abandonment of the defense that the bond did not cover depreciation. The theory of the law which prevailed was sound (24 A. L. R. 1189, annotation), but in view of appellants' assertion in the petition for rehearing, the statement in the original opinion is withdrawn.

The judgment in the replevin action was for possession of the property, or its value, $440. When the property was returned it was worth very much less than $440. The judgment could not be satisfied, except in hollow appearance, by return of property which had depreciated in value during the time it was withheld by virtue of the bond. The statute contemplates that the property shall be returned in substantially the same condition and of the same value as when taken. (*Fair v. Bank,* 69 Kan. 353, 76 Pac. 847; *Motor Co. v. Kline,* 109 Kan. 227, 231, 198 Pac. 949.) The bond for return of the property contemplated such a return, and the court now holds that it covered depreciation in value.

The petition for rehearing is denied.