## UNITED STATES HOFFMAN MACHINERY CORP.
### vs.
## LEO WALEWSKI

City Court            City of Bridgeport            File #7337

Present: Hon. PAUL MILLER, Judge.

Bernard A. Nevas,            Attorney for the Plaintiff.

Friedman & Friedman,
Alexander Harinstein,            Attorneys for the Defendant.

## MEMORANDUM FILED JANUARY 31, 1936.

MILLER, J.   This case was originally heard on November 4, 1935, and briefs were filed by counsel by direction of Court.

The following facts are found to be true.

One Patrick F. Brophy purchased a certain pressing machine from the plaintiff on conditional bill of sale (Plaintiff's Exhibition A) which was duly filed in the Town Clerk's office of Norwalk, September 1, 1933.

Said Brophy subsequently became bankrupt and George E. Sartain was appointed Receiver and Trustee in Bankruptcy.

Sartain subsequently by bill of sale approved by the Referee in Bankruptcy and in accordance with an authorized auction at which the defendant was a successful bidder, conveyed to the defendant all right, title and interest as Trustee in and to the machinery in question which the bankrupt estate had.

Whether the auctioneer expressly called the bidder's attention to the claim of the plaintiff as conditional Vendor or not is not necessary to decide as the filing of the instrument in the Norwalk Town Clerk's office gave resumptive notice to the world (including the bidder) of the Vendor's claim.

It is also found to be true that the plaintiff made no attempt in bankruptcy to file a reclamation petition and that no evidence was presented that a demand had been made upon the defendant for the return of the property, or that he had voluntarily assumed the bankrupt's original obligations under the bill of sale.

As between the original Vendor and Vendee three remedies appear to have been available upon default,—replevin, trover (for conversion) or money damages measured by the total unpaid balance.

But this is an action against a 3rd party purchaser with notice of the plaintiff's claim of title, but not in the nature of either of the first two remedies and the Court is not called upon to pass on the validity of any proceeding except one in which money damages are claimed without previous demand

for possession or any claimed assumption of the defendant of the Vendee's debt unless the latter can be read into the transaction from the phraseology of the document evidence or from the acts of the parties involved.

This the Court cannot do—there is no privity existing between the plaintiff and the defendant upon which to base a contractual relation. The plaintiff purchased the "right, title and interest" of the Trustee in bankruptcy in said property which would mean the equity in the machine and the **right** to pay the plaintiff the balance owing in order to obtain an absolute title which would not be subject to attack.

He certainly did not purchase a **duty** on the part of the bankrupt to respond upon default to any demand of the original Vendor (plaintiff) for a cash settlement. This was a contractual remedy between the original parties which was personal to them and which does not exist against a third party who stands without the original privity of interest.

"A purchaser, or one who obtains possession of personal property on which there is a lien evidenced by a duly recorded title note, is not personally liable on the note, where his name does not appear thereon, and he has not in any way agreed to it."

**Central Kansas Motor Co. vs. Kline, 109 Kan. 227; 198 Pac. 949;** See also, **National Credit Co. vs. Casco Co., 22 Pac. (2nd series) 670.**

which held a liability on the part of the successor in interest to a conditional sales contract for the unpaid balance only because by paying subsequent installments and attempting to give an option of purchase "he has made the contract his own."

The issues are found for the defendant and judgment is rendered for said defendant to recover his costs.