No. 37,609

MID-CONTINENT PETROLEUM CORPORATION, *Appellant*, v. ELVA A. FRAZIER and THE FIRST NATIONAL BANK OF CIMARRON, *Appellees*.

(204 P. 2d 732)

Opinion filed April 9, 1949.

*Charles E. Jones,* of Wichita, argued the cause, and *Mark H. Adams, William I. Robinson, J. Ashford Manka* and *Addison I. West,* all of Wichita, were with him on the brief for the appellant.

*Chesterman C. Linley,* of Cimarron, was on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from a judgment rendered in an action brought for a declaratory judgment. The facts of the case are as follows:

A. E. Frazier, the owner of the fee simple title to 1,760 acres of real estate in Gray county, Kansas, died in December, 1938. In 1934 he and his wife, Elva, executed a joint last will and testament and following his death it was admitted to probate by the probate court of Gray county. Administration was completed in January, 1940, and the estate regularly closed. The will devised all real estate to the widow, Elva, for life, with contingent remainders to their eight children, with substitutional contingent remainders in favor of the issue *per stirpes* of any of their said children who should be deceased at the date of death of Elva. He was survived by his widow, Elva, and eight adult children, all of the latter being married and having minor children of their own. One of these adult children subsequently died, leaving a widow and two children surviving.

From this point on the factual background is best disclosed by summarizing the allegations of the petition for a declaratory judgment filed on the 10th day of November, 1948, by Mid-Continent Petroleum Corporation, a corporation, hereinafter referred to as Mid-Continent, and in which action Elva A. Frazier, being the same person as Elva above mentioned and hereinafter referred to as Mrs. Frazier, and The First National Bank of Cimarron, Kan., a corporation, were defendants.

Following formal allegations as to incorporation and residence the petition recited that prior to April 13, 1948, Mid-Continent had carried on various oral negotiations with the defendant, Mrs. Frazier, toward the end of securing an oil and gas lease covering the full fee simple title in and to certain described real estate in Gray county, Kansas; that Mrs. Frazier represented she owned and/or was the agent for all owners of interests in said property and that she would secure execution of and deliver to Mid-Continent an oil and gas lease covering the fee simple title to the land and would furnish abstracts of title covering the same showing merchantable title in and to the property and that Mid-Continent had agreed to pay Mrs. Frazier the sum of $1,760 provided said title was acceptable as merchantable.

That thereafter and on or about June 1, 1948, Mrs. Frazier delivered to Mid-Continent an oil and gas lease dated April 13, 1948, covering the 1,760 acres of real estate involved, signed and acknowledged by her and the adult children of the parties and their spouses, the terms of said lease not being presently material for our discus-

sion; that thereafter Mrs. Frazier furnished abstracts of title covering said real estate certified to dates subsequent to April 13, 1948; that upon examination thereof by the attorneys for Mid-Continent it was determined by Mid-Continent that there were numerous defects in the title and particularly that the ownership of Mrs. Frazier and the other parties executing the lease was subject to various outstanding and contingent interests, the extent and ownership of which could not be determined until the death of Mrs. Frazier, she being the life tenant in said property under the will.

That thereupon Mid-Continent and Mrs. Frazier entered into a written agreement under date of August 18, 1948, which provided that the lease was to be placed in escrow with the defendant, The First National Bank of Cimarron, pending further proceedings; that Mrs. Frazier would cause to be instituted and concluded in a court or courts of proper jurisdiction any and all legal actions as might be necessary for the purpose of procuring and establishing a merchantable and marketable oil and gas lease covering the real estate; that she was to use her best efforts and reasonable diligence in all matters pertaining to the same, to furnish abstracts of title certified to a date subsequent to the completion of all such legal actions or proceedings as might be necessary to establish such merchantable title as aforesaid and to permit Mid-Continent a reasonable time thereafter in which to examine and approve or reject such title. Mid-Continent agreed to deposit with the escrow agent bank the sum of $1,760 to be delivered to Mrs. Frazier or returned to Mid-Continent subject to future proceedings and agreed to reimburse Mrs. Frazier one-half of all legal or other expenses incurred by her in her reasonable efforts to furnish such merchantable title.

The petition then recited that on the next day, August 19, 1948, Mrs. Frazier as plaintiff instituted in the district court of Gray county a certain action, No. 5169, in which all of the living children and grandchildren, together with their spouses, were named as Group One defendants and certain other miscellaneous corporations and parties as might be claiming an interest in the real estate described were named as Group Two defendants. The prayer of the petition was for a judgment of the court construing the will with respect to the nature, extent and contingency of the interests of all parties to said suit, to quiet title against those defendants named in Group Two and to appoint a trustee to represent the known and unknown, born and unborn persons who may upon the death of

Mrs. Frazier constitute the owners of the remaindermen's interests and all other interests in and to the real estate described in the petition, with full power and authority to make, execute and deliver an oil and gas lease upon said real estate either separately or by joining with the plaintiff or other owners of interests therein.

That on October 21, 1948, the court entered judgment in accordance with the allegations and prayer of the petition in that it construed the last will and testament (such construction not being here important for our purposes), quieted the title to said real estate as against Group Two defendants and appointed and designated one Lilliebelle Egbert, a daughter of A. E. Frazier, deceased, and Mrs. Frazier, as trustee for and on behalf of all of the outstanding or contingent interest-holders in the real estate in question with full power and authority to make, execute and deliver on behalf of said interest-holders an oil and gas lease covering said real estate or to join as aforesaid in the execution and delivery of the lease.

That on the same date the judgment was rendered, October 21, 1948, Lilliebelle Egbert duly qualified as such trustee and on behalf of all other interest-holders executed the oil and gas lease in question and shortly thereafter delivered to Mid-Continent abstracts of title certified to date, which included copy of the court proceedings in case No. 5169, and advised the defendant bank as escrow agent that title to the lease was merchantable and marketable and requested payment from the escrow agent of the sum of $1,760 which had been deposited by Mid-Continent. That upon the abstracts of title being examined by counsel for Mid-Continent, it was determined that title to the oil and gas lease was not yet merchantabe in that it was not executed by all living interest-holders, namely, the minors, or by a duly authorized representative in their behalf, the contention being made that the judgment of the court in case No. 5169, insofar as it purported to authorize the trustee to execute a binding lease covering the interests of the minor living children, was without authority of law, beyond the jurisdiction of the court, void and of no effect.

The petition then alleged that an actual controversy existed between the parties, and the prayer was that the court render a declaratory judgment as follows:

". . . Whether or not the oil and gas lease executed. by the Trustee appointed in case No. 5169 covers and is binding upon all interests owned by the minor defendants in said action."

The defendants, Mrs. Frazier and the escrow agent bank, filed their entries of appearance and the answer of the former admitted that an actual controversy existed between Mid-Continent and her but denied the correctness of its contentions and prayed that the court render a declaratory judgment.

The case came on to the court for hearing on November 22, 1948, and the court found that the actual controversy existing between the parties was whether or not the judgment and decree in case No. 5169 entered on October 21, 1948, appointing Lilliebelle Egbert as trustee, was valid and binding on the minor defendants in the action and whether or not the oil and gas lease executed by the trustee was merchantable and binding upon all of the interests owned by the minor defendants.

The court upheld its former judgment rendered in case No. 5169 and ruled that the lease executed by the trustee was merchantable and marketable and covered all interests in and to the property described therein, and authorized and directed the escrow agent to deliver the lease to Mid-Continent and to pay over to Mrs. Frazier the amount deposited by Mid-Continent with the agent.

Mid-Continent's motion for a new trial being overruled, it appealed to this court.

From all of the foregoing facts it is clear to us that Mid-Continent wanted this oil and gas lease on the real estate in question and that all of the interest-holders wanted to give it to Mid-Continent but that all parties were in doubt as to just how to handle the matter. In fact, this appears to be the only reason behind the filing of case No. 5169—so as to get a ruling by the court on the legal question involved. In that case the court held that a trustee appointed by it had such authority. *No appeal was ever taken from that judgment.* Mid-Continent still was not sure of its ground and filed this action for a declaratory judgment. Stripped of all excess phraseology and technicalities the contentions of the parties really are as follows: Mid-Continent, in its brief and argument to this court, argues that the probate court has the exclusive and original jurisdiction to authorize the giving of an oil and gas lease covering property in which minors have an interest, while the other side contends that the lease can be executed for and on behalf of the minors by the trustee appointed by the district court. In other words, Mid-Continent thinks that

the decision of the court in case No. 5169 is bad and the other parties seek to uphold it.

If we considered it necessary to decide the question, we would have considerable difficulty in holding that an "actual controversy" within the meaning of our numerous decisions (See *Garden City News v. Hurst,* 129 Kan. 365, 282 Pac. 720; *City of Cherryvale v. Wilson,* 153 Kan. 505, 510, 112 P. 2d 111) exists between the parties to this action. But assuming for the purposes of this case that one does exist—still, we are confronted by another proposition.

The briefs of both parties are taken up with this one question—should the leasing of the minor's interests be handled by a trustee appointed for that purpose by the district court or should it be accomplished through guardianship proceedings in the probate court? That is all there is to this lawsuit.

In other words, what the parties actually are attempting here is to test the validity and correctness of the judgment rendered by the same court in case No. 5169 *from which no appeal was ever taken.* We do not consider the bringing of an action for a declaratory judgment to be a substitute for appeal. (See 1 C. J. S., Actions, 1027, § 18, d. [8].)

The proper way to test the correctness of that judgment would have been to appeal from it rather than to attempt such test by a proceeding which in reality constitutes a collateral attack. Generally, it is well established by our decisions that a judgment cannot be attacked in a collateral proceeding unless it is made to appear that the judgment is void. (*Brotton v. Luther,* 141 Kan. 489, 41 P. 2d 1017; *Federal Savings & Loan Ins. Corp. v. Hatton,* 156 Kan. 673, 135 P. 2d 559, and cases cited therein.) True, Mid-Continent refers to the judgment in the former case as being "void" in that the district court had no jurisdiction to render it—but as we have already shown what the parties *actually* seek is for this court to pass on the correctness of that judgment. We cannot do so in the case before us.

And we think there is still a further reason why the instant action cannot be maintained. This suit was brought by Mid-Continent, the proposed lessee, against Mrs. Frazier and the escrow agent bank as defendants, but the action itself seeks to determine rights of persons not even parties to the suit.

From what has been said it therefore follows that the judgment of the lower court is reversed, with directions to dismiss the action.