No. 40,512

GENERAL MOTORS ACCEPTANCE CORPORATION, *Appellee*, v. G. H. MOGGE and CARROLL A. MOGGE, *Appellants*.

(311 P. 2d 839)

Opinion filed May 11, 1957.

*Selby S. Soward*, of Goodland, argued the cause, and *Max Jones*, of Goodland, was with him on the briefs for the appellants.

*Thomas H. Taggart*, of Goodland, argued the cause and was on the briefs for the appellee.

The opinion of the court was delievered by

PRICE, J.: This is an action against the sureties on a redelivery bond given in a former action in replevin.

Defendants appeal from an order sustaining a demurrer to portions of their answer.

On June 12, 1954, the plaintiff in the instant action filed an action in the district court of Sherman County at case No. 7123, against one Albert Peter, to replevy a 1953 Chevrolet truck. The petition alleged a demand for possession and refusal, and sought judgment against defendant Peter for possession, or, in lieu thereof, a money judgment in the amount of $2,067.88, that being the value of the truck, together with damages for its detention.

On June 14, 1954, defendant Peter gave a redelivery bond in which defendants in the instant action signed as sureties. The condition of this bond was:

"Now WE, THE UNDERSIGNED, Residents of the State of Kansas, bind Ourselves to said plaintiff— in the sum of 4140.00 Dollars, that said Defendant— shall deliver to the said plaintiff— the property herein returned to him, if such return be adjudged, and pay all costs and damages awarded against him in said action.

"G. H. Mogge
Carroll A. Mogge"

As a result of this redelivery bond defendant Peter retained possession of the truck.

The record as abstracted is rather sketchy, but on November 22, 1954, the court entered judgment against defendant Peter in the replevin action, and the journal entry of judgment recites that the parties had treated the conditional sale contract sued on as a chattel mortgage; that Peter was indebted to plaintiff in the sum of $2,067.88, with interest thereon from June 10, 1954, and ordered the truck to be sold as provided by law for a sale under foreclosure of a chattel mortgage.

On November 23, 1954, defendant Peter filed an appeal to this court, and in addition filed a supersedeas bond in which Murlin McClung and G. A. McClung signed as sureties. The condition of this bond was:

"Now, if the said Albert Peter, the above named defendant, shall prosecute his said appeal to a conclusion, and shall do and perform all orders made by

the Supreme Court therein, and pay any judgment that may be adjudged against him to pay, then this bond shall be null and void."

In passing, it should be noted that the McClungs are not parties to the instant case.

Defendant Peter's appeal (case No. 39,792) was dismissed by order of this court on June 3, 1955, for want of prosecution.

The record next discloses that on October 4, 1955, the truck was sold pursuant to order of the court, and that it brought the sum of $1,200.

On November 21, 1955, the court entered a further judgment in the replevin action, and the journal entry of judgment, after reciting the facts concerning the sale of the truck and that plaintiff had suffered damage by defendant Peter's wrongful detention thereof, entered judgment in favor of plaintiff and against defendant Peter in the amount of $867.88, this figure being the difference between the amount of the original judgment rendered and the amount for which the truck was sold, together with interest thereon from June 10, 1954.

No appeal was taken from this judgment.

On January 16, 1956, the plaintiff in case No. 7123, against defendant Peter, filed the instant action (case No. 7235) against defendant Mogge, the sureties in the redelivery bond in the former case. The petition sets forth in detail the proceedings in the former action and alleges that no part of the judgment for $867.88 against Peter has been paid, and judgment is sought against defendants Mogge in that amount, together with interest from June 10, 1954.

Defendants Mogge filed an answer denying allegations of the petition and, among other things, alleged the court was without jurisdiction to enter the judgment of November 21, 1955, against defendant Peter in the former action, and that any liability which might have attached to them as sureties in the redelivery bond was extinguished by the filing of the supersedeas in the appeal in the former action.

Plaintiff filed a demurrer to these portions of the answer. This demurrer was sustained and defendants have appealed.

Defendants contend that as a condition precedent to their liability as sureties in the redelivery bond there must have been an adjudication by the court in the former action ordering defendant Peter to return the truck to plaintiff as required in a replevin action; that the most that can be said for the judgment rendered is that it was

merely a money judgment based on an amount due on an instrument construed as a chattel mortgage, and further, that their liability was extinguished when defendant Peter filed a supersedeas bond in his attempted appeal to this court—that is, liability, if any, for any deficiency judgment would rest with the sureties on that bond.

There are several reasons why defendants' contentions may not be sustained.

In the first place, their answer, and argument in this court, amount to a collateral attack on the judgment rendered in the former action. In that case the court had jurisdiction of the persons and of the subject matter, and the judgment rendered, right or wrong, became final. The rule is well established that when a judgment has been rendered and becomes final it cannot be attacked in a collateral proceeding unless it is made to appear that the judgment is void. (*Federal Savings & Loan Ins. Corp. v. Hatton*, 156 Kan. 673 [Syl. 2 and p. 679], 135 P. 2d 559; *Cole v. Thacker*, 158 Kan. 242, 252, 146 P. 2d 665; *Mid-Continent Petroleum Corp. v. Frazier*, 167 Kan. 113, 118, 204 P. 2d 732.)

In the second place, defendants, as sureties in the redelivery bond, are concluded by the judgment in the former action, in the absence of fraud or collusion between the parties (*Kennedy v. Brown*, 21 Kan. 171) and are not permitted to retry the issues settled in that action. In other words, in the instant action they are not permitted to set forth defenses which, with reasonable diligence, could have been interposed in the replevin action. (*Boyd v. Huffaker*, 40 Kan. 634, 20 Pac. 459.) In *Bank v. Martin*, 81 Kan. 794, 106 Pac. 1056, it was held that sureties in a redelivery bond in replevin are bound by the judgment in the replevin action. On the general principle involved see also *Prather v. Johnson*, 168 Kan. 149, 152, 211 P. 2d 98. One of the conditions of the bond before us is that defendant sureties undertake to pay all costs and damages awarded against defendant Peter in that action. The judgment rendered was for the depreciation in value of the truck while it was in possession of Peter. (See *Walrus Manufacturing Co. v. Quackenbush*, 128 Kan. 216, 276 Pac. 806, and opinion denying a rehearing found at 128 Kan. 474, 279 Pac. 3.)

And finally, defendants' contention with respect to their being relieved of liability as sureties on the redelivery bond because of the filing of the supersedeas bond, is likewise without merit. The supersedeas bond in the attempted appeal in no way relieved de-

fendants of their liability and was an entirely separate and distinct undertaking. No authority is cited, and we know of none, to the effect that such bond, under the circumstances, in any way affected defendants' liability in the redelivery bond.

For the reasons stated, the trial court did not err in sustaining the demurrer to those portions of defendants' answer in question, and the judgment is therefore affirmed.