432 P.2d 400

STATE of New Mexico for the Use and Benefit of DAR TILE COMPANY and Lath and Plaster Supply Company, Plaintiffs-Appellants,

v.

GLENS FALLS INSURANCE COMPANY, Defendant-Appellee.

No. 8369.

Supreme Court of New Mexico.

Sept. 11, 1967.

Rehearing Denied Oct. 18, 1967.

Oliver B. Cohen, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, William C. Briggs, Albuquerque, for appellee.

## OPINION

CARMODY, Justice.

This action was brought to collect from a surety certain unpaid portions of three judgments previously rendered against a contractor. The trial court refused to enforce the judgments insofar as they provided for attorneys' fees, and the plaintiffs have appealed.

The Dar Tile Company and Lath and Plaster Supply Company had furnished labor and materials to a licensed contractor by

the name of Carrasco. Carrasco had failed to pay the suppliers, and their claims were reduced to judgment. Glens Falls Insurance Company, the defendant here, was surety for the contractor.

In order to be licensed as a contractor in New Mexico, the licensee must furnish a bond. Section 67–16–21(C), N.M.S.A. 1953 (1965 Pocket Supp.), insofar as applicable, provides:

"C. * * * Such bond shall be subject to payment of judgments resulting from:

\* \* \* \* \* \*

"(3) the failure of the licensee or applicant to pay any money when due for materials, labor, or supplies rendered in connection with such licensee's or applicant's operations as a contractor as defined under the Contractor's License Law."

The judgments against Carrasco included allowance for plaintiffs' costs, interest, and attorneys' fees. The defendant paid the judgment creditors for the labor and materials, but refused to pay the attorneys' fees, costs, or interest. Thereupon plaintiffs brought this action to recover these amounts. The trial court granted plaintiffs judgment for the costs and interest, but refused to enforce the judgments insofar as they awarded attorneys' fees.

The issue is simple, i. e., whether the judgments may be collaterally attacked because it is claimed that attorneys' fees are not a proper element of damages in a suit based upon a statutory contractor's bond.

■ Actually, we see no statutory authorization for an award of attorneys' fees, nor do we see any bar thereto. Really, the question is immaterial, because the surety's obligation is to pay the judgments resulting from the failure to pay for materials, labor and supplies. The judgment against the principal is conclusive, absent fraud or collusion, and there may be no collateral attack on that judgment. See Simpson, Suretyship, § 51, page 261, wherein it is said:

"[The surety's] promise may be expressly conditioned upon the creditor's recovery of judgment against the principal. If so, the judgment against the principal is conclusive evidence of the existence of his obligation and its extent. But where the form of the surety's promise indicates that he was to be liable only for the debts or defaults of the principal, there is a wide difference of opinion among the courts as to the effect of a judgment against the principal. * * * According to the majority view, it is prima facie evidence of the principal's obligation."

See, also, Ward v. Federal Insurance Co., 1958, 233 S.C. 561, 106 S.E.2d 169; General Motors Acceptance Corp. v. Mogge, 1957, 181 Kan. 346, 311 P.2d 339; Christenson v. Diversified Builders Incorporated, (10th Cir.1964), 331 F.2d 992; Haroco Co. v. National Surety Corp., 1954, 283 App.Div. 921, 130 N.Y.S.2d 313, aff'd 1 N.Y.2d 685, 150 N.Y.S.2d 611, 133 N.E.2d 835; Gescheidler v. National Cas. Co. (1951) 120 Ind.App. 673, 96 N.E.2d 123. Compare, Moore v. Humphrey, 1958, 247 N.C. 423, 101 S.E.2d 460; Sargeant v. Starr, 1960, 102 Ga.App. 453, 116 S.E.2d 633.

■ There was no evidence introduced in the district court. All that was before the court was the complaint, to which were attached certified transcripts of the judgment docket, and the answer of the defendant. No effort was made by the defendant to overcome the prima facie case made by the admissions in the answer with respect to the three judgments sued upon.

■ It has been suggested that an award of attorneys' fees is beyond the jurisdiction of the courts of this state. We do not determine the question, because even if such is the law, neither we nor the district court could correct the mistake under the rule enunciated in Hambaugh v. Peoples, 1965, 75 N.M. 144, 401 P.2d 777, that:

"* * * no collateral attack may be made on a judgment as void for lack of jurisdiction if the judgment appears valid on its face, and unless the invalidity appears in some manner therein or in the record."

The invalidity, if any, of the earlier judgment cannot be determined without having the judgment or record from that case before us. The judgments of the district courts are presumptively correct. Porter v. Mesilla Valley Cotton Products Co., 1937, 42 N.M. 217, 76 P.2d 937. See, also, St. Paul Fire & Marine Ins. Co. v. Rutledge, 1961, 68 N.M. 140, 359 P.2d 767.

The judgment of the district court is reversed and the cause remanded for entry of judgment consistent herewith. It is so ordered.

NOBLE, J., and HENSLEY, C. J., Court of Appeals, concur.